UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, CDCR #BF-8128, <br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>LEZANO, Correctional Officer,<br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-1719-GPC-DDL <br><br>**ORDER:** <br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND** <br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

**I.**

**INTRODUCTION**

Macey E. Turley ("Plaintiff" of "Turley"), a state inmate currently incarcerated at California State Prison, Corcoran and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 31, 2022. *See* Compl., ECF No. 1. On November 14, 2022, the Court dismissed the action because Plaintiff had failed to satisfy the filing fee requirement pursuant to 28 U.S.C. § 1915(a). ECF No. 2. In its Order, the Court notified Plaintiff that to have his case reopened he must either pay the $402 civil filing fee or move

to proceed *in forma pauperis* ("IFP") within 45 days. On December 2, 2022, Plaintiff filed an application to proceed IFP. ECF No. 3. For the reasons discussed below, the Court grants Plaintiff's IFP motion but dismisses his Complaint without prejudice.

## II.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his motion, Plaintiff submitted a copy of his trust account statement, which shows an available balance of $0.03 at the time the IFP application was filed. ECF No. 3 at 9. The Court finds Plaintiff has established an inability to pay filing fee and GRANTS Plaintiff's IFP Motion. Plaintiff will be required to pay the full $350 filing fee in installments which will be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## III.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

### A. Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

In his Complaint, Turley alleges that while incarcerated at R.J. Donovan Correctional Facility ("RJD"), he was suffering from "very serious" stomach pain. ECF No. 1 at 3. When he sought medical attention, Correctional Officer Lezano "ignored [his] medical needs and "laugh[ed] at [his] suffering." *Id*. While the allegations in the Complaint are somewhat sparse, Turley states that when he called "man down"[2] to receive medical

---

[2] While Plaintiff does not elaborate on what "man down" means in the prison context, generally "man down" called for medical emergencies, "such as when an inmate has fallen and is unable to get up, is unresponsive, appears to have difficulty breathing, is having chest pains or a seizure, or any other life-

3

attention, Lezano "acted as if he didn't hear [him]." *Id.* Turley suggests Lezano's failure to acknowledge him "ha[d] to do with [Turley's] race" because when a "Mexican inmate or a white inmate" calls "man down," Lezano pulls them out to get medical treatment. But when Turley did, Leano ignored him. Turley states his stomach pains were "very, very serious" because the night before he had taken "17 pills trying to take [his] life." *Id.* Turley alleges Lezano violated his Eighth and Fourteenth Amendment rights. He seeks $200,000 in compensatory damages and $100,000 in punitive damages. *Id.* at 7.

**C.      Discussion**

In his only claim, Plaintiff argues Lezano denied him medical care in violation of his Eighth and Fourteenth Amendment rights. *Id.* at 3.

*1.      Eighth Amendment*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In the medical context, the Eighth Amendment is violated when a defendant acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To succeed on such a claim, a prisoner must satisfy two requirements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Under the objective prong, a plaintiff to establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* As for the subjective prong, a plaintiff must establish "deliberate indifference by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a

---

threatening emergency." *See Culler v. San Quentin Med. Servs.*, No. 13-cv-03871 BLF (PR), 2015 WL 1205086, at *4 (N.D. Cal. Mar. 16, 2015).

4

prisoner alleges that a delay of medical treatment amounts to deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

First, Turley's Complaint provides few details regarding the stomach pain he suffered. Turley states he has "medical proof" to show his pain was "very serious" but fails to provide any detailed description of his symptoms. For instance, he does not include any specifics regarding when the pain arose or how long it lasted; he also fails to indicate whether he received subsequent medical attention or a diagnosis. *See* ECF No. 1 at 3. While stomach pain can certainly be a symptom of a serious medical need, not all stomachaches are equal. Without additional facts, it is impossible to assess Turley's medical need to determine whether a delay or outright failure to treat him resulted in "further significant injury or unnecessary and wanton infliction of pain." *See Jett*, 439 F.3d at 1096; *see also Iqbal*, 556 U.S. at 678 (stating conclusory allegations, lacking sufficient factual support fall short of meeting the plausibility standard required to state a claim).

Turley also fails to allege sufficient facts to support the subjective prong. To do so, he must plausibly allege (1) Lezano was aware of facts from which he could draw an inference there was a "substantial risk of serious harm" to Turley and (2) that Lezano, in fact, drew that inference. *Farmer*, 511 U.S. at 837; *see also Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) ("Deliberate indifference is a high legal standard.") Here, Turley states Lezano "pretended not to hear" his "man down" call. ECF No. 1 at 3. But failure to immediately respond to a "man down" call alone is insufficient to state a plausible claim of deliberate indifference. *See Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (to establish a claim of deliberate indifference arising from delay in are, a plaintiff must show that the delay was harmful); *see also e.g. Culler v. San Quentin Med. Servs.*, No. 13-cv-03871 BLF (PR), 2015 WL 1205086, at *5 (N.D. Cal. Mar. 16, 2015) (finding no deliberate indifference for failure to immediately respond to a "man down" call when the plaintiff was not exhibiting life threatening symptoms but rather, was conscious and

ambulatory). Plaintiff appears to suggest his stomach pain was related taking "17 pills" the night before, in an attempt to "take his own life." ECF No. 1 at 3. But he does not allege facts to show Lezano knew of this attempt when he purportedly "ignored" Turley's call; nor does Turley allege that any purported delay in treatment caused him further injury. *See Shapley*, 766 F.3d at 407. In sum, Turley has failed to allege sufficient facts to show Lezano was subjectively aware Plaintiff was at risk of serious harm. *See Farmer*, 511 U.S. at 836; *Iqbal*, 556 U.S. at 678.

For the reasons stated above, Plaintiff has failed to allege sufficient facts to state a plausible Eighth Amendment claim against Lezano. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see also Lopez*, 203 F.3d at 1126–27.

    2.  *Fourteenth Amendment*

In his Complaint, Plaintiff also references the Fourteenth Amendment as a basis for his claim. While Turley does not identify which portion of the Fourteenth Amendment his claim is based upon, in his supporting facts, he includes an allegation that in "[his] opinion," Lezano's failure to respond to his request for medical attention was "based on [his] race." He contends that when a "Mexican inmate or a White inmate" calls "man down," Lezano "pulls them out." ECF No. 1 at 3. The Court therefore liberally construes Turley's reference to the Fourteenth Amendment as an attempt to raise an Equal Projection claim.

To state such a claim, Turley must allege non-conclusory, non-speculative facts sufficient to show Lezano intentionally discriminated against him because of his membership in a protected class. *Iqbal*, 556 U.S. at 678–83; *see also Washington v. Davis*, 426 U.S. 229, 239–40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Turley alleges no facts suggesting Lezano expressed any discriminatory animus against him based on his race or was otherwise influenced by discriminatory intent. *See Blantz v. Cal. Dep't of Corr. & Rehab*., 727 F.3d 917, 927 (9th Cir. 2013); *Pagtakhan v. Doe*, Civ. No. C 08-cv-2188 SI-PR, 2013 WL 3052865, at *4 (N.D. Cal. June 17, 2013) (stating that to plausibly allege an equal protection claim based on race a plaintiff must assert non-

conclusory allegations of intent or purpose to discriminate against plaintiff based on his race).

Moreover, Turley's allegation that "man down" calls from a Mexican inmate and a white inmate were heeded by Lezano while his was not, is insufficient to plausibly allege those two individuals were similarly situated to Turley. *See generally*, *Leonard v. Hill*, No. 2:21-cv-0930 KJN P, 2021 WL 2634723, at *2 (E.D. Cal. June 25, 2021) (noting medical needs of individual inmates could vary based on age, ethnicity, prior medical treatment, as well as underlying medical conditions). Turley's conclusory statement that, in his "opinion," he "believes" Lezano failed to respond to his man down call because of his race is not enough. *See Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001) (concluding Plaintiff had not "made the specific, nonconclusory factual allegations that establish [the defendant acted] with a discriminatory motive"). Accordingly, Plaintiff has failed to state a plausible equal protection claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### D. Leave to Amend

Given Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### IV.
### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding

month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $ 10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: March 28, 2023

Hon. Gonzalo P. Curiel
United States District Judge