# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, CDCR #BF-8128<br><br>                  Plaintiff,<br><br>vs.<br><br>LEZANO, Correctional Officer,<br><br>                  Defendant. | Case No.: 3:22-cv-1719-GPC-DDL<br><br>**ORDER: (1) RE PLAINTIFF'S SUPPLEMENTAL DOCUMENT [ECF NO. 6] AND**<br><br>**(2) SUA SPONTE GRANTING AN EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

## I.     INTRODUCTION

Macey E. Turley ("Plaintiff" of "Turley"), a state inmate currently incarcerated at California State Prison, Corcoran and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 31, 2022. *See* ECF No. 1. In the Complaint, Turley alleged Defendant Lezano violated his Eighth and Fourteenth Amendment rights when he failed to adequately respond to Turley's medical needs. *Id.* at 6–9.

On November 14, 2022, the Court dismissed the action because Turley had failed to satisfy the filing fee requirement. ECF No. 2. Plaintiff subsequently filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 3. On March 28, 2023, the Court granted Turley's IFP motion but dismissed the Complaint without prejudice for failure to state a

claim. ECF No. 5. The Court granted Plaintiff leave to file an amended complaint. *Id.* at 8. On April 10, 2023, Plaintiff filed a Supplemental Document ("Supplement") captioned "Motion to State the Proper Reason I have Filed this Claim on Lezano the Defendant." ECF No. 6 at 1.

## II. DISCUSSION

Turley's Supplement[1] consists of a cover page followed by a single page of narrative, in which Turley states he is attempting to "specify why I filed a civil rights complaint on this [correctional officer]." *Id.* Plaintiff states he has suffered from a "stomach infection . . . for years," for which he takes medication. *Id.* at 2. Despite the medication, he has bouts of serious pain which periodically requires him to go "man down."[2] *Id.* On some unspecified date, Turley was in pain because he had been "refused medical treatment." Turley states he had to go "man down" and Lezano "deliberately ignored [his request] for help." *Id.* Plaintiff references the Eighth and Fourteenth Amendments but does not elaborate. He also appears to allege Lezano acted "out of retaliation," but fails to indicate the legal or factual basis for the purported retaliation. In sum, it appears from the Supplement, Turley is attempting to provide additional facts to supplement the allegations contained in his original complaint.

As noted above, the Court dismissed Turley's original complaint without prejudice and with leave to amend. In its dismissal order, the Court explained that Turley must file a First Amended Complaint which is complete, in and of itself. Specifically, the Court stated:

---

[1] The Court refers to the document as "Supplement" for the sake of convenience. However, it is not a "supplemental pleading" contemplated by Rule 15(d) of the Federal Rules of Civil Procedure because it describes the same events as those set forth in the original complaint (as opposed to events which have occurred since then). *See* Fed. R. Civ. P. 15(d).

[2] In the prison context, "man down" is generally called for medical emergencies, "such as when an inmate has fallen and is unable to get up, is unresponsive, appears to have difficulty breathing, is having chest pains or a seizure, or any other life-threatening emergency." *See Culler v. San Quentin Med. Servs.*, No. 13-cv-03871-BLF (PR), 2015 WL 1205086, at *4 (N.D. Cal. Mar. 16, 2015).

Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

ECF No. 5 at 8.

Plaintiff's Supplement does not comply with the Court's order, nor does it qualify as an amended complaint pursuant to Local Rule 15.1 or Rule 8 of the Federal Rules of Civil Procedure. While Plaintiff apparently seeks to add facts to his original complaint, he may not amend by supplementation, and instead must file a First Amended Complaint without reference to any previous pleading. *See* S.D. Cal. CivLR 15.1 (requiring that "[e]very pleading to which amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading."). In an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be alleged; each pleading must include a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 640–41 (9th Cir. 2014). Here, the Supplement falls well short of meeting the requirements set forth in the Local and Federal Rules. The Court therefore declines to construe the Supplement as an amended complaint. However, in order to give Turley an opportunity to submit a First Amended Complaint that is complete in itself, the Court *sua sponte* grants him an extension of time to do so.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **DECLINES** to construe Plaintiff's Supplemental Document as an amended complaint.

3

    2.     **GRANTS** Plaintiff an extension of time to file a First Amended Complaint. Plaintiff must file a First Amended Complaint no later than forty-five (45) days from the date of this Order. As discussed above, Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

    3.     **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for use in amending and instructs Plaintiff to utilize the Court's form in amending.

**IT IS SO ORDERED.**

Dated: May 30, 2023

Hon. Gonzalo P. Curiel
United States District Judge