UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, CDCR #BF-8128,<br><br>              Plaintiff,<br><br>vs.<br><br>LEZANO, Correctional Officer,<br><br>              Defendant. | Case No.:  3:22-cv-1719-GPC-SBC<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

## I.     INTRODUCTION

Macey E. Turley ("Plaintiff" or "Turley"), a state inmate currently incarcerated at California State Prison, Corcoran and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 31, 2022. *See* ECF No. 1. On November 14, 2022, the Court dismissed the action because Turley had failed to satisfy the filing fee requirement. ECF No. 2. Plaintiff subsequently filed an application to proceed *in forma pauperis* ("IFP") and on March 28, 2023, the Court granted Turley's IFP motion. The Court however, dismissed the Complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint. *Id.* at 8. After an extension of time, Plaintiff filed a First Amended Complaint ("FAC") on June 8, 2023. ECF No. 8.

## II.     SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.     Standards of Review

Plaintiff's FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux*

2

*v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Factual Allegations**

In his FAC, Turley alleges that on July 24, 2022, while he was an inmate at R. J. Donovan Correctional Facility ("RJD"), he took "17 pills" in an attempt to "take [his] own life," due to stress he was feeling about his daughter. ECF No. 8 at 3. The next day, July 25, 2022, Turley told Lezano he needed to go "man down" because he required emergency medical treatment. *Id.* Turley states he suffers from "major stomach issues," for which he takes three medications. *Id.* But Lezano "deliberately ignored" his request for emergency medical treatment, despite "knowing what went on [the] night [before]" and being aware of Turley's history of stomach pain. *Id.* Turley alleges "body cam footage" while show "how they were making fun of [him]." *Id.*

Turley states he "believe[s] they retaliated against [him] because [he is] very outspoken and if something ain't right [he] let[s] them know or [he] write[s] them up." *Id.* He alleges that because of his status as a Black, mental health inmate, staff do not take his complaints seriously, causing him "pain and suffering." *Id.*

**C.     Discussion**

Turley claims Lezano violated his Eighth Amendment and Fourteenth Amendment rights when he failed to summon medical care. *Id.* Further, while Turley does not list First Amendment retaliation as a separate claim, because he references it in his statement of facts, the Court liberally construes the allegation as a First Amendment claim. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) ("[W]here the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt."). Turley seeks $300,000 in compensatory damages and $300,000 in punitive damages. ECF No. 8 at 7.

1.  Eighth and Fourteenth Amendment

Turley alleges Lezano violated his right to be free from cruel and usual punishment when he failed to summon medical attention, in violation of the Eighth Amendment and Fourteenth Amendment Due Process Clause. *Id.* at 3. First, while Turley references both due process and the Eighth Amendment as legal bases for his claim, because he is incarcerated pursuant to a criminal conviction, only the Eighth Amendment applies here. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."). As such, the Court will analyze his claim only under the Eighth Amendment standard.

The Eighth Amendment's prohibition against cruel and unusual punishment is violated by a defendant's "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a such a claim, a prisoner's allegations must satisfy two requirements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). First, the plaintiff must establish an objectively "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id*. (internal quotes omitted). "Examples of serious medical needs include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez,* 203 F.3d at 1131 (internal quotation marks omitted).

Second, the plaintiff must show the defendant's response was subjectively, deliberately indifferent. *Jett*, 439 F.3d at 1096. "[T]he official must be both aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citing *Estelle*, 429 U.S. at 105–06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). A defendant's acts or omissions will not amount to a constitutional violation unless there is reckless disregard of a risk of serious harm to the prisoner. *Farmer*, 511 U.S. at 836. The official must know of a substantial risk of serious harm, and "disregard it by failing to take reasonable measures to abate it." *Id*. at 847. "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.

Here, based on the sparse facts contained in the FAC, Turley has failed to plausibly allege he suffered from a serious medical need which, if left untreated, could result in "significant injury or the unnecessary and wanton infliction of pain." *See Jett*, 439 F.3d at 1096. First, the basis for his serious medical need is unclear. Turley states he required emergency medical attention the day after he had taken "17 pills" due to stress, and that he has a history of "major stomach issues" for which he takes medications. ECF No. 8 at 3. While Turley appears to suggest his medical need was related to taking the pills the night before, it is not clear whether he is alleging he sought medical attention on July 25, 2022 because he was suffering an ongoing mental health crisis or due to stomach pain from ingesting too many pills, or both. While "[a] heightened suicide risk or an attempted suicide is a serious medical need," *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010) (citing *Farmer*, 511 U.S. at 837), Plaintiff fails to allege sufficient facts to suggest he was suffering such a severe mental health crisis when he asked Lezano to summon help. It is also possible that severe stomach pain may constitute a serious medical need. But to do so Plaintiff must provide sufficient facts to plausibly allege his stomach pain was so severe that failure to treat promptly would result in the "unnecessary and wanton infliction of pain." As currently pleaded, the FAC fails to include any specific facts regarding the severity of his "stomach issues," such as the nature of his symptoms and the level of pain

he was suffering on July 25, 2022. Turley states he has previously been "to the hospital for [his] stomach many times," but does not elaborate on when these instances occurred, his previous diagnoses and/or treatment, or how his prior history stomach issues was related to his purported medical emergency on July 25, 2022. Although detailed facts are not required, the "thread-bare" allegations contained in the FAC are insufficient to allege a serious medical need. *See Iqbal*, 556 U.S. at 678.

Even assuming Plaintiff suffered a "serious medical need," he has failed to provide sufficient facts to plausibly allege Lezano was deliberately indifferent to that need. To do so, he must provide facts which suggest Lezano not only knew that Turley sought emergency medical attention but also that the failure to summon that attention could result in "substantial risk of serious harm" to Turley. *See Farmer*, 511 U.S. at 837. Here, Plaintiff states that when he told Lezano that he "needed" to go "man down," Lezano was aware of "what went on [the] night before" and of his history of stomach pain. ECF No. 8 at 3. While calling for "man down" typically indicates a medical emergency, the mere utterance of those words is insufficient to allege deliberate indifference. *See, e.g., Culler v. San Quentin Med. Servs.*, No. 13-cv-03871 BLF (PR), 2015 WL 1205086, at *5 (N.D. Cal. Mar. 16, 2015) (finding no deliberate indifference for failure to immediately respond to a "man down" call when the plaintiff was not exhibiting life threatening symptoms but rather, was conscious and ambulatory). Moreover, Plaintiff's assertion that Lezano knew "what went on [the] night before," is somewhat vague. But even assuming Lezano specifically knew Plaintiff had taken 17 pills "due to stress" the night before, that alone is insufficient to plausibly allege Lezano was subjectively aware that failure to summon immediate medical assistance the next day would result in substantial risk of serious harm to Turley. Likewise, to the extent Plaintiff alleges Lezano was aware of his history of stomach pain, he fails to elaborate on the nature and/or severity of his stomach issues or show how this relates to Lezano's subjective knowledge that Plaintiff faced a serious risk of harm on July 25, 2022. *Farmer*, 511 U.S. at 837 ("[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference."). As discussed above, conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Therefore, Turley has failed to provide sufficient facts to plausibly allege Lezano was subjectively aware he was aware of a substantial risk of serious harm. *See id.*; *Farmer*, 511 U.S. at 836.

For the reasons stated above, Plaintiff has failed to allege sufficient facts to state a plausible Eighth Amendment claim against Lezano. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see also Lopez*, 203 F.3d at 1126–27.

  2. First Amendment Retaliation

Turley's reference to First Amendment retaliation in his FAC lacks the factual support required to state a claim. Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). This includes a First Amendment right to file administrative grievances and retaliation against prisoners for exercising this right may itself be a constitutional violation. *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Pratt v. Rowland*, 65 F.3d 802, 806 & n. 4 (9th Cir. 1995). To state a First Amendment retaliation claim, a prisoner must plausibly allege: (1) a state actor took some adverse action against them (2) because of (3) the prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68 (footnote omitted); *see also Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997).

Here, Turley states he is "outspoken" and when he sees staff misconduct, he "write[s] them up." ECF No. 8 at 3. He appears to suggest that Lezano's failure to assist him on July 25, 2023 was in retaliation for his utilization of the prison grievance procedure. *Id.* The filing of an administrative grievance is protected conduct. *See Bruce*, 351 F.3d at 1288; *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The right of access to the courts extends to established prison grievance procedures."). Turley fails, however, to provide sufficient facts to plausibly allege his use of the grievance process generally was a "substantial or motivating factor" behind Lezano's purported failure to assist him. To

7

allege such causation, Turley must point to facts which show that the specific defendant was aware of the protected conduct and that conduct provided the defendant with a motive to take retaliatory adverse action[1] to "silence and to punish" the inmate, as opposed to for some other reason. *See Rhodes*, 408 F.3d at 567–68. Mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Therefore, as currently pleaded, Turley fails to state a First Amendment retaliation claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see also Lopez*, 203 F.3d at 1126–27.

**D.    Leave to Amend**

In light of his pro se status, the Court **GRANTS** Plaintiff one final opportunity to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.    CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DISMISSES** Plaintiff's First Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him **thirty (30) days** leave from the date of this Order to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint <u>must be complete by itself without reference to his previous pleadings</u>. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)

---

[1] Evidence probative of retaliatory animus includes proximity in time between the protected speech and the alleged adverse action, the prison official's expressed opposition to the speech, and the prison official's proffered reason for the adverse action was false or pretextual. *Shephard v. Quillen*, 840 F.3d 686, 690 (9th Cir. 2016).

(noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Finally, the Clerk of the Court is **DIRECTED** to provide Plaintiff with a blank court-approved form Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for his use and convenience.

**IT IS SO ORDERED.**

Dated:  September 29, 2023

Hon. Gonzalo P. Curiel
United States District Judge

9