# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, CDCR #BF-8128<br><br>                                Plaintiff,<br><br>vs.<br><br>LEZANO, Correctional Officer,<br><br>                              Defendant. | Case No.: 3:22-cv-1719-GPC-DDL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Macey E. Turley ("Plaintiff"), currently incarcerated at California State Prison, Corcoran and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 31, 2022. (Dkt. No. 1, Compl.) On November 14, 2022, the Court dismissed the case without prejudice for failing to pay the filing fee and/or failing to move to proceed in forma pauperis. (Dkt. No. 2.) Subsequently, on December 1, 2022, Plaintiff filed a motion for leave to proceed in forma pauperis. (Dkt. No. 3.) On March 28, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis, and sua sponte dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b) with leave to amend. (Dkt. No. 5.) Plaintiff filed a supplemental document on April 10, 2023. (Dkt. No. 6.) On May 30, 2023, the

1

Court declined to construe the supplemental document as an amended complaint and granted him an extension of time to file a amended complaint. (Dkt. No. 7.) On June 8, 2023, Plaintiff filed an amended complaint. (Dkt. No. 8.) On July 7, 2023, the Court *sua sponte* dismissed the amended complaint for failure to state a claim and granted Plaintiff leave to file a second amended complaint. (Dkt. No. 10.) Plaintiff was granted 30 days from the date of the Court's order, or October 30, 2023, to file a second amended complaint. (*Id.*) Over four months have passed since the Court's dismissal order, and to date, Plaintiff has not filed a second amended complaint nor sought an extension of time to file one. Accordingly, the Court DISMISSES this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or indicating to the court that [she] will not do so—is properly met with the sanction of a Rule 41(b) dismissal."); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). The Court DIRECTS the Clerk of Court to enter final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  February 13, 2024

Hon. Gonzalo P. Curiel
United States District Judge